PROB 12C
(6/16)

Report Date: February 5, 2025

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jerry Glenn Allen | Case Number: 0980 2:18CR00057-TOR-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮ Spokane, Washington 99201 | |
| Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge | |
| Date of Original Sentence: November 1, 2018 | |
| Original Offense: | Possession with Intent to Distribute 5 Grams or More of Actual (Pure) Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) |
| Original Sentence: Prison - 84 Months; TSR - 48 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Caitlin A. Baunsgard | Date Supervision Commenced: October 25, 2024 |
| Defense Attorney: Federal Public Defender | Date Supervision Expires: October 24, 2028 |

## PETITIONING THE COURT

**To issue a WARRANT**

On October 29, 2024, Mr. Jerry Allen signed his conditions relative to case number 2:18CR00057-TOR-1, indicating that he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #7**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Mr. Allen is alleged to have violated special condition number 7 by testing positive for two separate metabolites of alcohol during random urinalysis testing conducted by the Spokane Residential Reentry Center (RRC) on January 18, 2025. |
| | Specifically, on January 30, 2025, the undersigned officer received notification from Spokane RRC management staff that the subject had submitted to random urinalysis testing with their agency on January 18, 2025, following which the provided sample was later proven by their laboratory to be confirmed positive for both ethyl glucuronide and ethyl sulfate, both metabolites of alcohol. The lab report was additionally received from the contracting agency as a part of the received notification. As the Court may recall, Mr. Allen |

was previously residing at the RRC based on his Court ordered conditions of supervised release and to mitigate his state of homelessness.

On January 31, 2025, Mr. Allen reported to the U.S. Probation Office in Spokane and was confronted as to his confirmed positive urinalysis sample. Mr. Allen denied intentionally ingesting alcohol, but did admit ingesting about four "non-alcoholic" beers leading up to testing, which he indicated he believed to not contain any alcohol. Mr. Allen indicated that he later learned "non alcoholic" beers often contain small amounts of alcohol, and drinking several could result in confirmed positive testing. Mr. Allen denied that drugs or alcohol served as a trigger for him, and he advised under no circumstance would he again test positive for alcohol or drugs. Mr. Allen did sign an admission of use form serving to memorialize his admitted use of alcohol, previously occurring on or about January 18, 2025.

2 **Special Condition #3**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: Mr. Allen is alleged to have violated special condition number 3 by being unsuccessfully discharged from the Spokane Residential Reentry Center on February 5, 2025, while previously serving in a public law capacity.

Specifically, on February 5, 2025, the undersigned officer received notification from Spokane RRC management staff who advised that they would be unsuccessfully discharging Mr. Allen from the facility effective immediately due to program violations. The party further detailed an incident that occurred on the day in question in which staff conducted a random cell phone inspection on another resident at the RRC that subsequently revealed the resident had been sending money to Mr. Allen using Cash App. This information led the staff member to then conduct an inspection of Mr. Allen's known cellular device, but it was observed by the staff member that Mr. Allen did not maintain Cash App on the device. Suspecting that Mr. Allen was maintaining a second device, staff then conducted a search of Mr. Allen's room, in which he is the only resident. During the search, staff members discovered a tear in his mattress near the top of the bed and located against the wall, inside of which staff located a small plastic bag containing 83 Gabapentin pills, a prescription medication not prescribed to Mr. Allen, two "vapes," and an unapproved cell phone. The phone was charged to 94 percent and was wrapped in a sock. Located on the floor under the bed was a micro USB charger that was not compatible with Mr. Allen's known cellular device or anything in his bedroom other than Mr. Allen's formerly unknown and unapproved cellular device.

Mr. Allen's current room was last occupied by another resident on January 2, 2025. On February 5, 2025, the undersigned officer spoke with Mr. Allen telephonically, who advised that the Gabapentin located in his mattress was his from a previous prescription that he had, although he admitted he should have discarded it once the prescription ended. Mr. Allen further advised the second phone did not even work and he did not sneak it in, but rather he had it in his bag upon arrival and he only kept it due to the phone numbers that he had in it. Mr. Allen did admit to accepting money from others, but he advised he only did so as he was providing "technical assistance" to others.

Prob12C
Re: Allen, Jerry Glenn
February 5, 2025
Page 3

Given Mr. Allen's possession and apparent introduction of contraband into the Spokane RRC, management staff indicated that they would be terminating Mr. Allen from services effective immediately.

The U.S. Probation Office respectfully recommends the Court **issue a <u>WARRANT</u>** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 5, 2025

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

*Thomas O. Rice*
Thomas O. Rice
United States District Judge

February 6, 2025
Date